UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Emily Coulter, | ) Case No.: 5:18-CV-01538-JLS |
| Plaintiff, | ) |
| vs. | ) SECOND AMENDED COMPLAINT |
| Chase Bank USA, N.A., | ) |
| Defendants. | ) |

**FILED**
APR 26 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Plaintiff, Emily Coulter (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. Plaintiff is a Pennsylvania resident and the cause of action arose in Pennsylvania. As such, this Court has jurisdiction and venue over this action pursuant to Pa. R.C.P. Nos. 1006 and 2179.

## PARTIES

3. Plaintiff is a natural person who at all relevant times has resided in Narvon, Pennsylvania.

4. Defendant Chase Bank USA, N.A. ("Chase") is a corporation regularly conducting business in Pennsylvania. Chase regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding Chase's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

## BACKGROUND

5. There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

6. Credit reporting activities of the CRAs are regulated by the FCRA.

7. The FCRA's purpose is to ensure that CRAs follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

8. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

9. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

10. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

## FACTUAL STATEMENT

11. Plaintiff allegedly owed two credit card debts due to Chase through primarily personal, familial and household use.

12. In an attempt to collect on the debt, Chase placed two trade lines on Plaintiff's credit report, bearing account numbers 426684137180XXXX and 441712304702XXXX.

2

13. On July 24, 2017, Plaintiff noticed that the trade lines were inaccurately reporting the Date of Status as July 2017 when it actually should be April 2015 for both accounts.

14. Plaintiff disputed the trade lines with Experian in a letter dated August 19, 2017. This letter did not resolve the error on Plaintiff's credit report. Accordingly, Plaintiff sent another letter to Experian disputing the Chase trade lines on or about October 21, 2017.

15. Despite receiving this letter, Chase failed to mark the trade line as in dispute on the credit report.

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CHASE

16. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

17. At all times pertinent hereto, Chase was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

18. Chase willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

19. Chase willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report dates that were inaccurate.

20. Chase willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

21. Chase willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

22. Chase willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

23. Chase willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

24. Chase's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Chase was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Chase for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

25. Plaintiff demands a jury trial on all issues so triable.

Dated this 23rd day of April, 2019.

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq. ID# 321521
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
(Tel): 862-227-3106
nl@zemellawllc.com

4