**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY COULTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 5:18-cv-01538-JLS |
| | : | |
| CHASE BANK USA, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Chase Bank USA, N.A., now known as JPMorgan Chase Bank, N.A. ("Chase"), by its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Plaintiff Emily Coulter's Motion for Summary Judgment ("Motion"). Chase incorporates by reference its Motion for Summary Judgment (ECF No. 86), Memorandum of Law in Support of the same and exhibits thereto (86-3), and the Joint Stipulation of Material Facts and exhibits thereto (ECF No. 86-2), as if fully set forth herein.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION. ...................................................................................................... 1

II.    ARGUMENT. ............................................................................................................. 3

    A.    It is Well-Settled that Furnishers Are Not Required to Notate Meritless Disputes. .................................................................................................. 3

        1.    The undisputed record evidences that Plaintiff's disputes were meritless. .............................................................................. 5

            a.    Plaintiff's disputes were meritless on their face. ............................ 6

            b.    Chase did not furnish the challenged information. ......................... 9

            c.    The "Date of Status" does not appear on credit reports. ............... 10

            d.    Industry standards instruct furnishers to not report disputes received from a CRA. ................................................................. 11

            e.    Whether furnishers should mark accounts "in dispute" upon receiving a dispute from a CRA is a legal question that does not give rise to an FCRA claim. ........................................... 12

        2.    Plaintiff cannot meet her burden of demonstrating that the disputes were meritorious. ..................................................................... 12

    B.    Plaintiff Fails to Present Any Evidence To Support Her Claim That Chase's Investigations of Her Disputes Were Unreasonable. ............................ 15

    C.    Plaintiff Cannot Establish that Chase Willfully Failed to Comply With the FCRA. .................................................................................................. 16

III.   CONCLUSION ....................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Angino v. Transunion, LLC*,
   No. 17-954, 2018 U.S. Dist. LEXIS 196578 (M.D. Pa. Nov. 19, 2018) ................................16

*Bilderback v. Ocwen Loan Servicing, LLC*,
   No. 216-cv-01954, 2017 WL 4079262 (D. Nev. Sept. 14, 2017)..............................................5

*Boggio v. USAA Fed. Sav. Bank*,
   696 F.3d 611 (6th Cir. 2012) ................................................................................................15

*Bumpus v. Nat'l Credit Sys., Inc.*,
   No. 1:16-CV-1209-TWT-JFK, 2017 U.S. Dist. LEXIS 216542 (N.D. Ga. Nov.
   27, 2017) ................................................................................................................................7

*Emmit House v. Credit One Bank*,
   No. CIV-17-957, 2018 WL 1440981 (W.D. Okla. Mar 22, 2018) ...........................................5

*Forgues v. Select Portfolio Servicing*,
   No. 1:15-cv-1670, 2015 WL 8272596 (N.D. Ohio Dec. 8, 2015), *aff'd*, 690
   F.Appx. 896 (6th Cir. 2017)....................................................................................................5

*Frederickson v. Cannon Fed. Credit Union*,
   No. CV 16-01012, 2017 WL 6558578 (D.N.M. Dec. 22, 2017) ........................................5, 14

*Garland v. Marine Credit Union*,
   No. 18-C-270, 2018 U.S. Dist. LEXIS 183619 (W.D. Wis. Oct. 26, 2018)...........................12

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1147 (9th Cir. 2009) ....................................................................................3, 11, 12

*Hernandez v. Ditech Fin., LLC*,
   CV 17-4294 GW (JEMx), 2019 U.S. Dist. LEXIS 42802 (C.D. Cal. Feb. 1,
   2019). ......................................................................................................................................7

*Hill v. Equifax Info. Servs., LLC*,
   No. 1:13-CV-153, 2013 U.S. Dist. LEXIS 170104 (M.D.N.C. Dec. 3, 2013) .......................10

*Horton v. Trans Union, LLC*,
   No. 12-2027, 2015 U.S. Dist. LEXIS 29564 (E.D. Pa. Mar. 10, 2015)....................................4

*Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*,
   770 Fed. Appx. 452 (11th Cir. 2019)....................................................................................12

*Hyde v. Hibernia Nat'l Bank*,
    861 F.2d 446 (5th Cir. 1988) ............................................................11

*Johnson v. Equifax, Inc.*,
    510 F. Supp. 2d 638 (S.D. Ala. 2007)................................................10

*Knowles v. Capital One Bank (USA), N.A.*,
    No. 4:11-cv-1257, 2015 U.S. Dist. LEXIS 67550 (M.D. Pa. May 26, 2015)............5

*Krajewski v. Amer. Honda Fin. Corp.*,
    557 F. Supp. 2d 596 (E.D. Pa. 2008) ..................................................17

*Lawson v. Navient*,
    No. H-17-3465, 2018 WL 3370657 (S.D. Tex. May 18, 2018)................................5

*Levine v. JPMorgan Chase & Co.*,
    46 F. Supp. 3d 871 (E.D. Wis. 2014)....................................................4

*Levine v. World Fin. Network Nat. Bank*,
    554 F.3d 1314 (11th Cir. 2009) ........................................................17

*Mason v. Chase Home Finance, LLC*,
    No. 11-04144, 2014 WL 37219 (D.N.J. Jan. 6, 2014)............................................4

*Noel v. First Premier Bank*,
    No. 3:12-cv-50, 2012 U.S. Dist. LEXIS 32595 (M.D. Pa. Mar. 12, 2012) ..................6, 8, 14

*Reeves v. Nelnet Loan Services*,
    No. 4:17-CV-3726, 2018 U.S. Dist. LEXIS 80939 (S.D. Tex. May 14, 2018)......................14

*Safeco Insurance Co. of Am. v. Burr*,
    551 U.S. 47 (2007)..............................................................17

*Saunders v. Branch Banking & Trust Co. of Va.*,
    526 F.3d 142 (4th Cir. 2008) ........................................................4

*Seamans v. Temple University*,
    744 F.3d 853 (3d Cir. 2014).............................................................3, 6, 17

*Shap v. Capital One Financial Corp.*,
    No. 11-CV-4461, 2012 U.S. Dist. LEXIS 45939 (E.D. Pa. March 30, 2012)..........................6

*Van Veen v. Equifax Info.*,
    844 F. Supp. 2d 599 (E.D. Pa. 2012) ................................................4, 15

*Westra v. Credit Control of Pinellas*,
    409 F.3d 825 (7th Cir. 2005) ................................................................................15

**Statutes**

15 U.S.C. § 1681s-2(a)(8)(D) ...................................................................................6

15 U.S.C. § 1681s-2(a)(8)(F)(i) ...............................................................................6

15 U.S.C. § 1681s-2(b) .................................................................................... *passim*

I.    **INTRODUCTION.**

Plaintiff Emily Coulter's Motion confirms that Chase is entitled to summary judgment. Conspicuously absent from the Motion is any claim of damage.  In fact, Plaintiff does not present any evidence to establish the elements of her Fair Credit Reporting Act ("FCRA") claim, which is the basis of Chase's pending Motion for Summary Judgment.  Instead, Plaintiff's Motion confuses this straightforward case with misstatements of the record and misapplication of the law. Plaintiff's protestations are unsupported and immaterial.

Plaintiff asks this Court to grant summary judgment in her favor because Chase did not mark her Chase Accounts "in dispute" after receiving the subject disputes in October 2017.  This is not the law under the FCRA, 15 U.S.C. § 1681 *et seq.*, in the Third Circuit nor any other jurisdiction.  Rather, the legal authority relied upon by Plaintiff makes clear that such a "disputed" notation is only appropriate where the dispute is *bona fide* and meritorious, which is not the case here.

Plaintiff proffers no evidence to support a finding that her disputes were meritorious.  To the contrary, the record evidence establishes that the disputes were not *bona fide*.  On their face, the disputes are meritless.  The disputes are non-specific, claiming only that Chase furnished "inaccurate information."  It was not until the filing of the instant action that Plaintiff identified that she was challenging the "Date of Status."

Even with this specification, the disputes are not *bona fide* because: (1) Chase did not furnish the challenged information – the "Date of Status" and (2) the "Date of Status" does not appear on Plaintiff's credit reports and is not otherwise visible to creditors.  Nothing in the FCRA or case law suggests that "disputes" like the ones at issue here have to be noted.  To allow otherwise would open the floodgates to rampant credit reporting abuses by debtors submitting

unfounded disputes with the intent to mask or distort valid delinquency reporting with totally unjustified "disputed by consumer" designations.

Beyond Plaintiff's disputes not being *bona fide*, Plaintiff presents no evidence to show why Chase's investigations of the October 2017 disputes were unreasonable.  Rather, Plaintiff argues only that Chase "has admitted that as a matter of policy, it does not mark any disputes it receives from the CRAs as 'in dispute' regardless of whether it was meritorious or not."  *See* (ECF No. 84-1 at 7), Pl.'s Mem. of Law in Supp. of Sum. J.  In addition to this being a gross misstatement of the record, Plaintiff's argument misses the point.  In evaluating the reasonableness of a furnisher's investigation under the FCRA, a court may not judge a furnisher's actions abstractly, it must review the reasonableness of the procedures in light of what it learned about the nature of the dispute from the CRA.  The only thing communicated to Chase from Experian about the subject disputes is that Plaintiff "claims inaccurate information.  Did not provide specific dispute."  The reasonableness of Chase's investigations must be reviewed in the context of the vague information that was provided to Chase regarding the disputes.  Accordingly, Plaintiff's challenge to Chase's purported policy is immaterial for purposes of determining the reasonableness of Chase's investigations of the disputes.

Lastly, and despite not alleging that she suffered any harm as a result of Chase's conduct, Plaintiff seeks an award of punitive damages based on an unsupported claim that Chase acted willfully.  There is absolutely no evidence in the record to support a willfulness finding, and Plaintiff's argument that Chase's "blanket policy was objectively unreasonable" is a mischaracterization of the record.

Because Plaintiff's position is indefensible based on an undisputed record, summary judgment in favor of Chase is warranted.

## II.   **ARGUMENT.**

### A.   **It is Well-Settled that Furnishers Are Not Required to Notate Meritless Disputes.**

Plaintiff contends that upon receipt of a dispute from a CRA, a furnisher's "[f]ailure to mark an account as in dispute is a clear violation of the FCRA." *See* (ECF No. 84-1 at 2), Pl.'s Mem. of Law in Supp. of Sum. J.  This is not the law.  Instead, the decisions cited by Plaintiff in actuality hold that a furnisher of information should notate an account as disputed by the consumer *if the dispute is bona fide or meritorious*.  For example, in *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009), the Ninth Circuit held that:

> a furnisher does not report 'incomplete or inaccurate' information within the meaning of §1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading.  It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b).

Likewise, in *Seamans v. Temple University*, 744 F.3d 853, 867 & n.11 (3d Cir. 2014), the Third Circuit held that a FCRA violation for failure to mark an account as disputed <u>may</u> arise only in the context of a "potentially meritorious dispute," with the understanding that "the furnisher … is in the best position to determine whether the dispute is bona fide, and thus the furnisher's validation of the dispute signifies that the dispute is genuine."[1]  The same conclusion was reached

---

[1]    The *Seamans* case provides the proper context for understanding what constitutes a meritorious or *bona fide* factual dispute.  In *Seamans*, the plaintiff received a federal Perkins student loan in 1989 to attend Temple University, but defaulted on it in February 1992.  Eighteen years after his default, Seamans attempted to restart his collegiate career, but was denied a federal Pell grant or other financial assistance unless he repaid the Perkins loan for Temple, which he did in April 2011 (over 19 years after the delinquency).  After Seamans paid his old loan, Temple inserted a tradeline back onto his credit report in 2011 (after no tradeline had existed for years), with a retroactively manufactured delinquency history and key pieces of information – such as the 1992 date of first delinquency – missing.  Seamans disputed the revived tradeline, but no material changes were made following the

in the other district court opinions from the Third Circuit cited by Plaintiff in her Motion.  *See*, *e.g.*, *Horton v. Trans Union, LLC*, No. 12-2027, 2015 U.S. Dist. LEXIS 29564, at *25 (E.D. Pa. Mar. 10, 2015) ("Therefore, when a furnisher is alerted by a CRA of a 'potentially meritorious dispute,' it may be held liable for failing to report that dispute back to the CRA. However, this does not mean that furnishers must automatically flag an account upon receipt of a consumer's dispute through a CRA."); *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 606 (E.D. Pa. 2012) ("Accordingly, I agree with Plaintiff that a furnisher may be held liable for failing to report a debt as disputed if the Plaintiff has lodged a bona fide dispute.").[2]

The Fourth Circuit, in *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 151 (4th Cir. 2008), likewise "assume[d] without deciding that a furnisher incurs liability under § 1681s–2(b) only if it fails to report a meritorious dispute."  And in *Mason v. Chase Home Finance, LLC*, No. 11-04144, 2014 WL 37219, at *5 (D.N.J. Jan. 6, 2014), the court held "it cannot be the case that a furnisher violates the FCRA every time it investigates a debt, foreclosure, or similar information but fails to report that the debt or foreclosure is disputed by the consumer."  *See also Levine v. JPMorgan Chase & Co.*, 46 F. Supp. 3d 871, 874-76 (E.D. Wis. 2014) (granting Chase's motion for summary judgment, court found plaintiff's dispute of debt "completely meritless" based

---

reinvestigation.  This is a far cry from the facts here, where there is no dispute that Chase did not furnish the challenged information – the "Date of Status"- and this information did not even appear on Plaintiff's credit report.

[2]     Plaintiff's reliance on *DiPrinzio v. MBNA Am. Bank, N.A.* is misplaced.  Not only does it predate the three Court of Appeal decisions on this issue, it does not even address whether a furnisher's failure to mark an account as disputed constitutes a viable 1681s-2(b) claim.  *See DiPrinzio*, 04-872, 2005 U.S. Dist. LEXIS 18002, at *14 (E.D. Pa. Aug. 24, 2005) (referencing plaintiff's FCRA claim that defendant failed to perform a complete investigation, failed to mark her debt as disputed, reported false information to three credit bureaus, and failed to report the disputed status of her account, in the context of the defendant's argument that plaintiff's state law claims were preempted by the FCRA).

on uncontroverted evidence of missed car payments) (citing *Mason*); *Lawson v. Navient*, No. H-17-3465, 2018 WL 3370657, at *3 (S.D. Tex. May 18, 2018) (dismissing FCRA claim based on defendant's failure to note furnished information was in dispute, court held that "[w]hile some courts have allowed claims to proceed under 15 U.S.C. § 1681s-2(b) where an entity furnishing information did not disclose or notate that the information they furnished was 'in dispute,' the dispute about the information has to be 'bona fide' or meritorious," which it was not) (citing string of cases[3] rejecting FCRA claim that furnisher improperly failed to mark account as "in dispute").

### 1. The undisputed record evidences that Plaintiff's disputes were meritless.

Plaintiff's October 2017 disputes were meritless for several reasons. Although a *bona fide* dispute is not explicitly defined by the FCRA, district courts in this Circuit instruct that it is appropriate to use the requirements set forth in 15 U.S.C. § 1681s-2(a)(8)(D) and (F)(i) to determine whether a plaintiff's dispute was *bona fide* or meritless. *See, e.g., Knowles v. Capital One Bank (USA), N.A.*, No. 4:11-cv-1257, 2015 U.S. Dist. LEXIS 67550, at *19 (M.D. Pa. May 26, 2015) (decided after the Third Circuit issued the *Seamans* decision); *Shap v. Capital One*

---

[3]     *See, e.g., Frederickson v. Cannon Fed. Credit Union*, No. CV 16-01012, 2017 WL 6558578, at *7 (D.N.M. Dec. 22, 2017) (finding defendant "did not have to report even the *existence* of Mr. Fredrickson's meritless dispute to the CRAs under § 1681s–2(b)," court granted summary judgment to defendant); *Emmit House v. Credit One Bank*, No. CIV-17-957, 2018 WL 1440981, at *3 (W.D. Okla. Mar 22, 2018) (in dismissing FCRA claim, court held plaintiff "must plead facts that plausibly establish the bona fide nature of the dispute that Defendant failed to report"); *Bilderback v. Ocwen Loan Servicing, LLC*, No. 216-cv-01954, 2017 WL 4079262, at *4 (D. Nev. Sept. 14, 2017) (in dismissing FCRA claim, court held "because meritless disputes do not need to be reported, Ocwen did not violate the FCRA by failing to report Bilderback's dispute"); *Forgues v. Select Portfolio Servicing*, No. 1:15-cv-1670, 2015 WL 8272596, at *8 (N.D. Ohio Dec. 8, 2015), *aff'd*, 690 F.Appx. 896 (6th Cir. 2017) (in dismissing FCRA claim as "meritless", court held "[i]f a consumer continues to dispute a debt, a furnisher has an obligation to identify the debt as disputed when furnishing information to the credit reporting agency. However, this obligation is only triggered by a [sic] bona fide disputes").

*Financial Corp.*, No. 11-CV-4461, 2012 U.S. Dist. LEXIS 45939, *12-14 (E.D. Pa. March 30, 2012); *Noel v. First Premier Bank*, No. 3:12-cv-50, 2012 U.S. Dist. LEXIS 32595, at *9 (M.D. Pa. Mar. 12, 2012).

Section 1681s-2(a)(8)(D) contains guidelines for a consumer's submission of a dispute to a furnisher:

> A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that — (i) identifies the specific information that is being disputed; (ii) explains the basis for the dispute; and (iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.

15 U.S.C. § 1681s-2(a)(8)(D). The latter section clarifies that a furnisher need not report a dispute:

> if the person receiving a notice of a dispute from a consumer reasonably determines that the dispute is frivolous or irrelevant, including — (I) by reason of a failure of a consumer to provide sufficient information to investigate the disputed information; or (II) the submission by a consumer of a dispute that is substantially the same as a dispute previously submitted by or for the consumer . . . with respect to which the person has already performed the person's duties under this paragraph or subsection (b).

15 U.S.C. § 1681s-2(a)(8)(F)(i).

### a.   Plaintiff's disputes were meritless on their face.

Based on this reasoning, on their face, the October 2017 disputes were not *bona fide* because Plaintiff failed to provide any information about her purported disputes. The October 2017 disputes, which were communicated to Chase from Experian through ACDVs, were non-specific, claiming only that Chase furnished "inaccurate information." The relevant portion of the disputes appeared as follows:

| ACDV Response: | | | |
|---|---|---|---|
| Account Number: | ███████████ | SSN: | ████████ |
| Consumer Name: | EMILY COULTER | Control Number: | 2061523978001 |
| Response Code: | 24 | Subscriber Code: | ██████ |
| Response Date: | 10/29/2017 | DF Contact Number: | |
| Response Due Date: | 11/8/2017 | DF Authorized Name: | ████████████ |
| Dispute Information: | | | |
| Dispute Code 1: | 112 - Claims inaccurate information. Did not provide specific dispute | | |
| Dispute Code 2: | | | |
| FCRA Relevant Information: | ||||||||||||||||||||| | | |

Exhibit C-1 (CHASE 0004-00006), October 29, 2017 ACDV for 44171234702XXX Account.[4]

The Experian ACDV dispute code 112 is defined as "[c]laims inaccurate information; Did not provide specific dispute; Please provide complete ID and verify account information." *Bumpus v. Nat'l Credit Sys., Inc.*, No. 1:16-CV-1209-TWT-JFK, 2017 U.S. Dist. LEXIS 216542, at *9 (N.D. Ga. Nov. 27, 2017). Courts have described the Experian ACDV dispute code 112 as general, vague, and lacking in specificity. *Hernandez v. Ditech Fin., LLC*, CV 17-4294 GW (JEMx), 2019 U.S. Dist. LEXIS 42802, *40 (C.D. Cal. Feb. 1, 2019). Likewise, David Rivera, a Chase Operations Analyst, categorized the subject disputes as nonspecific:

> Q. I'm going to ask you to please pull Exhibit G, which was previously marked. I will represent to you that it is an ACDV response with the Bates label Chase 0004.

---

[4]    References to Exhibits A (including A-1, A-2, C-1) through K herein refer to exhibits Chase previously filed as either exhibits to the Joint Stipulation of Material Facts (ECF No. 86-2) or exhibits to Chase's Memorandum of Law in Support of its Motion for Summary Judgment (ECF No. 86-3). To avoid duplication and to the extent they are cited herein, these exhibits are not being re-filed with the instant Opposition.

As the corresponding portion of the ACDV for Plaintiff's other Chase Account is identical, only one *image* is displayed here. *See* Exhibit C-1 (CHASE 00055-00057), October 29, 2017 ACDV for 44171234702XXX Account.

A.      I have it.

Q.      Okay.  And what is the response date on this document?

A.      10/29 – sorry.  October 29, 2017.

Q.      And the disptue job code that was provided?

A.      112.

Q.      And I believe you testifed that that means that it's a nonspecific dispute?

A.      That is correct.

Q.      Okay.  Is there any information in the FCRA relevant information box that the customer, like Emily Coulter, provided?

A.      No, there is not.

Q.      Okay.  And take a look at the this three-page document, and please let me know if there's any box that says "date of status"?

A.      No.

Exhibit L, Deposition of David Rivera ("Rivera Dep.") at pp. 107:8-24; 108:1-4.[5]

It was not until the filing of the instant action that Plaintiff specified that she was purportedly challenging the "Date of Status" via the October 2017 disputes.   However, the legitimacy of a dispute is measured by the information provided to the furnisher when the dispute is made, not by argument crafted after-the-fact.   *See Noel,* 2012 U.S. Dist. LEXIS 32595, at *28 (rejecting plaintiff's argument that his dispute was *bona fide* because such inquiry is determined

---

[5]      For ease of reference, exhibits cited for the first time in this Opposition, will continue the numbering scheme from the exhibits attached to the Joint Stipulation of Material Facts and Chase's Memorandum of Law in Support of its Motion for Summary Judgment, beginning with Exhibit L.

Portions of the Deposition of David Rivera that are cited herein, but not previously filed with the Court, are attached hereto as Exhibit L.

based upon the information that was actually provided to the furnisher, instead of the plaintiff's "after-the-fact elaboration on the information contained in the correspondence and argument based on what he *intended* to request/assert regarding the basis for his dispute") (emphasis in original).

### b.   Chase did not furnish the challenged information.

Even if Plaintiff had originally identified the subject disputes with specificity, the disputes are not *bona fide* because it is undisputed that Chase did not furnish the challenged information - the "Date of Status." This is evidenced by the undisputed fact there is no "Date of Status" field in an ACDV. *See* (ECF No. 86-2), JSMF ¶ 8. Furnishers and CRAs communicate through ACDVs. As there is no "Date of Status" field in an ACDV, a furnisher cannot furnish such information. Chase's 30(b)(6) witness, David Rivera, Chase's expert, John Ulzheimer, and non-party Experian provided unequivocal testimony that Chase does not furnish the "Date of Status." *See* (ECF No. 86-2), Exhibit C, Deposition of David Rivera 73:12-14; Exhibit G, Ulzheimer Report at pp. 12-14; and Exhibit A to JSMF, Methvin Decl. at ¶ 9; *see also* (ECF No. 86-3 at 6-10), Chase's Mem. of Law in Supp. of Sum. J., which is incorporated herein by reference.

Simply stated, 1681s-2(b) does not apply when the furnisher did not provide the challenged information. As the United States District Court for the Middle District of North Carolina succinctly explained when it found that Section 1681s-2(b) does not impose a duty on furnishers where the disputed information has not been provided to the credit reporting agencies:

> Mr. Hill first alleges that Dell violated 15 U.S.C. § 1681s-2(b). This section of the FCRA imposes several duties on furnishers of credit information. It applies only when the consumer has disputed 'the completeness or accuracy of any information provided by' a furnisher. If the furnisher has not provided any information, then by its terms this section does not apply.
>
> Other provisions in § 1681s-2(b) reinforce the conclusion that this section and the duties it imposes on furnishers do not apply in cases where information has not been provided. For example, the duties on furnishers in § 1681s-2(b) are triggered by notice from CRAs that

> a consumer has disputed 'the completeness or accuracy of any item of information contained in [the] consumer's file.'  Again, this provision refers only to items of information that are in the consumer's credit report; it does not apply to items of information that have not been provided or are not being reported. Further, § 1681s-2(b) provides that 'if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified,' the furnisher shall '(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.'  These remedies do not make sense when applied to an account that has not been reported.  Dell cannot modify, delete, or permanently block an account that it has not reported or that it already stopped reporting.

*See Hill v. Equifax Info. Servs., LLC*, No. 1:13-CV-153, 2013 U.S. Dist. LEXIS 170104, at *3 (M.D.N.C. Dec. 3, 2013).

### c.      The "Date of Status" does not appear on credit reports.

Further, Plaintiff's disputes were baseless because the "Date of Status" does not even appear on Plaintiff's credit report.  As set forth in Chase's Motion for Summary Judgment, Experian's "Date of Status" only appears on Plaintiff's consumer disclosure.  (ECF No. 86-3 at 10-11), Chase's Mem. of Law in Supp. of Sum. J.; *Compare* (ECF No. 86-2), Exhibit C-1, October 2017 ACDVs (depicting information appearing on Plaintiff's credit report) *with* (ECF No. 86-2), Exhibit A-1 and Exhibit A-2 (Plaintiff's Experian consumer disclosures, accessible only to Plaintiff).  John Ulzheimer, Chase's expert confirmed that the "Date of Status" does not appear on a consumer's credit report, but is only visible on a consumer's Experian disclosure, which is not accessible to creditors or any third parties.  *See* (ECF No. 86-5), Exhibit H, Ulzheimer Dep. at pp. 107:23-25; 108:1-7; 109:9-18; (ECF No. 86-4), Exhibit G, Ulzheimer Report at pp. 13; 15.  Mr. Ulzheimer's testimony is unrebutted.  Moreover, the same point was confirmed by Experian.  *See* (ECF No. 86-2), Exhibit A, Methvin Decl. at ¶ 7 *see also* (ECF No. 86-3 at 10-11), Chase's Mem. of Law in Supp. of Sum. J.

A "credit report" is a report prepared for third parties while a "consumer disclosure" is the consumer reporting agency's file it reveals to the consumer, not a third party.  *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 646 (S.D. Ala. 2007).  Reports prepared solely for the consumer do not constitute "consumer reports" under the FCRA.  *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 449 (5th Cir. 1988).  As the Experian field "Date of Status" does not appear on credit reports, Plaintiff's purported dispute cannot give rise to FCRA liability against Chase.  *See Gorman*, 584 F.3d at 1163 (Only a dispute that could "materially alter how the reported debt is understood," qualifies as a *bona fide* dispute).

### d.   Industry standards instruct furnishers to not report disputes received from a CRA.

Also, as a matter of reporting protocols, beginning in early 2017, the Metro 2 guidelines, the industry standard for reporting consumer credit reporting information, explicitly instruct furnishers such as Chase not to report a dispute code in response to a consumer dispute investigation request from the CRAs.  *See* (ECF No. 86-6), Exhibit I, CREDIT REPORTING RESOURCE GUIDE®, Consumer Data Industry Association ("The Compliance Condition Codes should not be reported in response to a consumer dispute investigation request from the reporting agencies . . ."); (ECF No. 86-4), Exhibit G, Ulzheimer Report at pp. 14-15; *see also* (ECF No. 86-3 at 15-16), Chase's Mem. of Law in Supp. of Sum. J., which is incorporated herein by reference.

The legal authority relied upon by Plaintiff all predate 2017 and, therefore, did not consider the impact of this uniform instruction to furnishers.  Chase is not aware of any published decision that discusses whether the failure to mark an account "in dispute" may constitute a viable § 1681s-2(b) claim in light of the CRRG's clear direction to not mark accounts "in dispute."

**e.  Whether furnishers should mark accounts "in dispute" upon receiving a dispute from a CRA is a legal question that does not give rise to an FCRA claim.**

The 2017 CRRG direction to furnishers to not mark an account in dispute upon the receipt of a dispute from a CRA, also supports the argument that Chase made in its Motion for Summary Judgment that whether Chase should have marked the Chase Accounts "in dispute" is a legal question that does not give rise to a FCRA claim.  (ECF No. 86-3 at 12-15), Chase's Mem. of Law in Supp. of Sum. J.; *see also Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 Fed. Appx. 452, at *5 (11th Cir., 2019) ("A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)."); *Garland v. Marine Credit Union*, No. 18-C-270, 2018 U.S. Dist. LEXIS 183619, at *7-8 (W.D. Wis. Oct. 26, 2018) ("to prevail on a claim against a furnisher or a CRA, the consumer has the burden to prove a "factual inaccuracy, rather than the existence of disputed legal questions.") (citing *Deandrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Chiang v. Verizon New England*, 595 F.3d 26, 38 (1st Cir. 2010)).  Because Plaintiff's disputes present legal questions, and not factual disputes, Plaintiff's disputes are not meritorious.

**2.  Plaintiff cannot meet her burden of demonstrating that the disputes were meritorious.**

For all of the foregoing reasons, Plaintiff's disputes were not *bona fide*.  For the same reasons, Plaintiff cannot meet her burden of showing that the disputes were meritorious.  In any event, Plaintiff makes a feeble attempt to meet her burden and states in mere passing that her disputes were "clearly meritorious."  *See* (ECF No. 84-1 at 6), Pl.'s Mem. of Law in Supp. of Sum. J.  Plaintiff bears the burden of "convinc[ing] the finder of fact that the omission of the dispute was 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'"  *Gorman*, 584 F.3d at 1163 (citing *Saunders*, 526 F.3d at 150).  Plaintiff has not met this

12

burden.  Plaintiff offers simply legal conclusions and sweeping declarations that are not supported by the record and are ultimately immaterial for the reasons set forth *supra* in Section A(1)(a)-(e).

Citing paragraph 7 of the Methvin Decl., Plaintiff contends that the "Date of Status" should represent the date the Chase Accounts were discharged through bankruptcy.  *See* (ECF No. 84-1 at 6), Pl.'s Mem. of Law in Supp. of Sum. J.  This is not an accurate representation of paragraph 7 of the Methvin Decl., which actually provides:

> Experian's consumer disclosures contain a field for tradelines called the 'Date of Status.  For accounts that are reporting as having been discharged through bankruptcy, the 'Date of Status' field represents the date the account is being reported as having been discharged.  For other derogatory statuses, the 'Date of Status' field indicates the date that is being reported by the furnisher as the date the currently reported derogatory status first occurred.  <u>Because changes to accounts discharges in bankruptcy are possible, Experian continues to accept updates to such accounts from data furnishers.  Accordingly, it is possible for the 'Date of Status' for accounts reported as discharged through bankruptcy to change, if the previously reported or verified dates change</u>.

*See* (ECF No. 86-2), Exhibit A, Methvin Decl. at ¶ 7 (emphasis added).

Since Plaintiff's 1681s-2(b) dispute is premised on the accuracy of what appeared in the "Date of Status" field in her Experian consumer disclosures, Plaintiff bears the burden of establishing what date actually belonged there.  And, while Plaintiff claims that date should have been April 2015, she does not cite to any authority or evidence to compel such a finding.  She did not engage an expert.  Contrary to Plaintiff's representations, neither the Methvin Decl. nor the parties' Joint Stipulation of Material Facts ("JSMF") state what date should have been reflected in the "Date of Status" field in Plaintiff's Experian consumer disclosure during the time in question.

Plaintiff also blanketly claims that the Chase Accounts "were being reported as 'July 2017'" and "[t]his information was reported by Chase."  *See* (ECF No. 84-1 at 7), Pl.'s Mem. of Law in Supp. of Sum. J.  This is a complete misstatement of the record.  Paragraph 6 of the JSMF

actually states that "Plaintiff's July 24, 2017 Experian consumer disclosure report showed 'July 2017' as the 'Date of Status' for the Chase Accounts."  *See* (ECF No. 86-2), JSMF ¶ 6.  And, the Methvin Decl. does not state that Chase furnished the challenged "Date of Status."  *See* (ECF No. 86-2), Exhibit A, Methvin Decl.  Rather, as explained in Chase's Motion for Summary Judgment and confirmed in the Methvin Decl., Experian supplied the "Date of Status" in question by interpreting *other*, unrelated information Chase furnished to *another* CRA pertaining to the Chase Accounts.  *See* (ECF No. 86-3 at 7-9), Chase's Mem. of Law in Supp. of Sum. J.

Requiring furnishers to mark an account "disputed" upon the receipt of a meritless dispute would contravene the very purpose of the FCRA:

> if a consumer wanted to avoid having derogatory information included in his credit score assessment, he could file a meritless dispute with the creditor/furnisher and, if the creditor/furnisher were obligated to include information that the account was disputed, no matter how frivolous, the CRA would not include the derogatory information in its assessment.  This result clearly does not satisfy the goal of "meeting the needs of commerce for consumer credit, personnel, insurance, and other information."  Rather than being "fair and equitable to the consumer," a system which allows a consumer to inflate his credit score and thus derive a benefit from filing a frivolous dispute allows the consumer to do an end-run on the purpose of the statutory scheme.

*Noel*, 2012 U.S. Dist. LEXIS 32595, at *18-19.

As Plaintiff failed to offer any evidence that her disputes were *bona fide*, Chase is entitled to summary judgment as a matter of law.  *See Frederickson*, 2017 WL 6558578, at *4 ("a jury cannot properly find that a furnisher violated § 1681s-2(b) by not reporting a dispute if the dispute is meritless as a matter of law"); *Reeves v. Nelnet Loan Services*, No. 4:17-CV-3726, 2018 U.S. Dist. LEXIS 80939, at *16 (S.D. Tex. May 14, 2018) (holding that plaintiff has not stated a plausible claim under Section 1681s-2(b) where plaintiff failed to support her conclusory assertion that the dispute was plausibly bona fide or even "potentially meritorious").

14

**B.      Plaintiff Fails to Present Any Evidence To Support Her Claim That Chase's
        Investigations of Her Disputes Were Unreasonable.**

Because the subject disputes were not *bona fide*, the reasonableness of Chase's

investigations regarding the disputes is immaterial.  In any event, Plaintiff does not provide any

evidence about Chase's investigations related to the subject disputes.  Instead, Plaintiff claims that

Chase's investigations of her disputes were unreasonable because Chase's "blanket policy" is

unreasonable.  This is the wrong standard for determining the reasonableness of a furnisher's

investigation under the FCRA.  The law is well-settled that a court may not judge a furnisher's

actions abstractly.  It may only review the investigation in light of the information that was

provided in the notice of dispute.  As this Court explained:

> Plaintiff presents no evidence to show why Defendant's
> investigation was unreasonable in light of the information Trans
> Union transmitted.  Rather, Plaintiff argues only that AT&T never
> conducts a meaningful investigation.  Plaintiff also provides a
> laundry list of investigative techniques AT&T never employs,
> including checking billing and call records, reviewing consumer
> dispute history, and contacting customers.  Plaintiff ignores that I
> may not judge Defendant's actions abstractly, but in light of Trans
> Union's notice of dispute.  Even if Plaintiff is correct and Defendant
> never employs a host of investigative techniques, its investigation
> here remains reasonable in light of the scant information it received
> from Trans Union.

*Van Veen v. Equifax Info.*, 844 F. Supp. 2d at 608; *see also Westra v. Credit Control of Pinellas*,

409 F.3d 825, 827 (7th Cir. 2005) (finding defendant's investigation reasonable based on "scant"

information provided to it by the CRA); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th

Cir. 2012) ("[H]ow thorough an investigation must be to be 'reasonable' turns on what relevant

information was provided to a furnisher by the CRA giving notice of a dispute.").

As established above, *see supra* at pp. 6-9, the ACDVs said nothing about the "Date of

Status" or anything specific about the nature of the dispute, and therefore, Chase's investigations

were reasonable as a matter of law based on the scant information it was provided regarding the

subject disputes.  Even if the ACDVs identified Plaintiff's "Date of Status" challenge, there was nothing a Chase analyst could have accomplished in an investigation that would have caused Chase to alter its furnishing.  It is undisputed that Chase did not, and does not, furnish the "Date of Status" and that the "Date of Status" does not even appear on a credit report.

Although Plaintiff's abstract policies and procedures argument has no bearing on the Court's determination of whether Chase's investigations of the subject disputes were reasonable, Plaintiff's claim that Chase employs a blanket policy of not marking any dispute it receives from CRAs as "in dispute," is a mischaracterization of the record.  There is no evidence in this case of what Chase's policies and procedures are with respect to marking indirect disputes "in dispute," and to the extent such policies and procedures exist, Plaintiff did not seek them in discovery.  While Plaintiff suggests that there is testimony in the record regarding Chase's policies and procedures in this regard, the actual testimony makes plain that in one instance, Mr. Rivera, Chase's 30(b)(6) deponent, was answering a hypothetical question and, in the other instance, Mr. Rivera was commenting specifically about Plaintiff's disputes.  Exhibit L, Deposition of David Rivera ("Rivera Dep.") at pp. 26-28; 63-64.

Plaintiff offers no evidence of what Chase's investigations entailed with respect to the subject disputes, yet asks this Court to find that Chase's investigations of those disputes were unreasonable.  Plaintiff cannot meet her burden of showing that the investigations were unreasonable.  Regardless, Chase's investigations were reasonable as a matter of law in light of the scant information it received regarding the subject disputes.

C.    **Plaintiff Cannot Establish that Chase Willfully Failed to Comply With the FCRA.**

As a threshold matter, Plaintiff cannot advance a willfulness claim because she has not raised a viable underlying Section 1681s-2(b) claim.  *See Angino v. Transunion, LLC*, No. 17-954,

2018 U.S. Dist. LEXIS 196578, at *9-10 (M.D. Pa. Nov. 19, 2018) (granting summary judgment to defendant on plaintiff's willfulness claim where plaintiffs presented no evidence that defendant even negligently failed to comply with the FCRA).

To establish a willful violation of the FCRA, Plaintiff must prove Chase acted in "reckless disregard" of its duty under the statute. *See Safeco Insurance Co. of Am. v. Burr*, 551 U.S. 47, 68-70 (2007); *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009); *Krajewski v. Amer. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 618 (E.D. Pa. 2008).

Plaintiff bases her willfulness claim on the same flawed argument that forms the basis of her negligent noncompliance claim. However, as Chase previously noted, Plaintiff has not presented any evidence regarding the investigations corresponding to the subject disputes and there is no evidence in the record to support her argument that Chase's "blanket policy" with respect to marking accounts "in dispute" supports a willfulness finding.

Plaintiff argues that a blanket policy to never mark an account in dispute after receiving a dispute notice from a CRA is willful in light of the Third Circuit's 2014 pronouncement in *Seamans* that a private right of action under 15 U.S.C. § 1681s-2(b) may arise when, having received notice of a consumer's meritorious dispute, a furnisher subsequently fails to report that the claim is disputed. *See* (ECF No. 84-1 at 9), Pl.'s Mem. of Law in Supp. of Sum. J. *Seamans* does not hold that a furnisher must mark an account "in dispute" whenever it receives a consumer dispute. *Seamans,* 744 F.3d at 867. Rather, unlike here, the dispute must be *bona fide*.

Lastly, Plaintiff's willfulness argument overlooks the credit industry's CRRG, which instructs furnishers not to report an account in dispute upon the receipt of a consumer dispute from a CRA. *See* (ECF No. 86-3 at 15-16), Chase's Mem. of Law in Supp. of Sum. J.; *see also* (ECF No. 86-2), Exhibit G, Ulzheimer Expert Report, at pp. 14-15. Plaintiff has not presented any

evidence that suggests furnishers, such as Chase, should not rely on guidelines promulgated by the CRRG. Nor has Plaintiff provided any authority in support of the position that a furnisher's whose actions comply with such guidelines can be found to be willful.

## III.   <u>CONCLUSION</u>

For the reasons set forth above and those set forth in Chase's Motion for Summary Judgment, Chase respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment and grant Chase's Motion for Summary Judgment.

Respectfully submitted,

Dated:  December 2, 2019

*/s/ Jenny N. Perkins*
Beth Moskow-Schnoll, Esquire
moskowb@ballardspahr.com
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599
(215) 864-8378 (Telephone)
(215) 864-8999 (Fax)
*Attorneys for Defendant,*
*Chase Bank USA, N.A., now known as*
*JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day, a true and correct copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment was served on the following via electronic service through the Electronic Case Filing System for the Eastern District of Pennsylvania:

Daniel Zemel, Esquire
Nicholas J. Linker, Esquire
Zemel Law LLC
1373 Broad Street
Suite 203-C
Clifton, NJ 07013

*Counsel for Plaintiff*

Dated: December 2, 2019

/s/ *Jenny N. Perkins*
Jenny N. Perkins