**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY COULTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 5:18-cv-01538-JLS |
| | : | |
| CHASE BANK USA, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT**
**OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Chase Bank USA, N.A., now known as JPMorgan Chase Bank, N.A. ("Chase"), by its undersigned counsel, respectfully submits this Reply Brief in further support of its Motion for Summary Judgment (ECF No. 86). Chase incorporates by reference its Motion for Summary Judgment (ECF No. 86), as well as its Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 92), as if fully set forth herein.

Additionally, for the reasons set forth below, Chase moves to strike Exhibit A attached to Plaintiff's Opposition to Chase's Motion for Summary Judgment.

**I.     INTRODUCTION.**

Forced to finally concede that Chase did not furnish the "Date of Status," (Opp. at p. 4), Plaintiff offers a brand new theory of liability in her opposition to Chase's Motion for Summary Judgment. Under Plaintiff's "whisper down the lane theory," Chase is somehow liable for Experian's interpretation of information it received from another CRA, which that CRA interpreted from information passed along by Chase in responding to a dispute Plaintiff lodged with that CRA. No matter how many different directions Plaintiff roams in search of a furnishing error, the following remains undisputed and entitles Chase to summary judgment:

(1) Chase did not furnish the "Date of Status";

(2) the "Date of Status" does not appear on credit reports;

(3) the October 2017 disputes—which are the only disputes at issue here—did not provide any details about the subject matter of the disputes;

(4) Experian changed the "Date of Status" to what Plaintiff is contending it should have been after Plaintiff submitted the subject disputes; and

(5) Plaintiff suffered no harm.

Plaintiff dismisses these salient points. Instead, Plaintiff attempts to keep her claim alive by resorting to evidence that is inadmissible and not part of the record. First, in her Opposition to Chase's Motion for Summary Judgment, Plaintiff introduces a transcript from an Experian 30(b)(6) deposition taken by Plaintiff's counsel in *another* case—a case in which Chase was not a party and, therefore, was not present at the deposition. This deposition transcript is plainly inadmissible and should be stricken from the record. Second, in an attempt to salvage her lack of standing, Plaintiff relies on the same inadmissible deposition testimony from Experian to claim that a change in a "Date of Status" may impact an individual's credit score. Third, she relies on inadmissible deposition testimony from her husband who opines—despite the fact that he has not been designated as an expert—that Plaintiff's Experian credit score decreased as a result of the challenged "Date of Status." Simply stated, Plaintiff has not presented any admissible evidence that she was harmed as a result of the disputed "Date of Status" or that any resulting harm was caused by Chase.

For the foregoing reasons and those set forth in Chase's opening brief, as well as its brief in opposition to Plaintiff's motion for summary judgment, summary judgment should be entered in favor of Chase.

## II.  ARGUMENT.

### A.  Plaintiff Concedes That Chase Did Not Furnish the "Date Of Status" And The Record Remains Devoid Of Any Admissible Evidence Of What That Challenged Date Should Be.

Although buried, Plaintiff now admits in her Opposition that "Chase did not report a 'Date of Status' per se," (Opp. at p. 4).  Consequently, she offers a new theory of liability in an attempt to keep her claim alive.  Yet, the following remains true: Plaintiff has not presented any admissible evidence of what date actually belonged in the disputed "Date of Status" field.  Without admissible evidence of what that date should be, Plaintiff cannot establish that the disputed "Date of Status" was inaccurate.

In an attempt to show that "Date of Status" *may* impact an individual's credit score and to argue what date should have been in the "Date of Status" field, Plaintiff tries to backdoor in a deposition transcript of Experian from *another* case that is not admissible here.  Chase was not a party in this other case and, therefore did not have an opportunity to cross-examine the witness.

Chase moves to strike, pursuant to Federal Rule of Civil Procedure 56(c)(2), the Experian 30(b)(6) deposition transcript Plaintiff attached as Exhibit A to her Opposition to Chase's Motion for Summary Judgment.  The deposition transcript is from another case involving different parties and different claims, and unauthenticated documents cannot be considered when deciding a motion for summary judgment.  *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *Harris v. City of St. Clairsville*, 330 Fed. Appx. 68, 71-72 (6th Cir. 2008) (affirming refusal to consider uncertified depositions in summary judgment analysis); *Alexander v. Casino Queen*, 739 F.3d 972, 978 (7th Cir. 2014) (striking deposition transcript from another case attached to party's summary judgment briefing because the deposition from

3

the other case was not part of "the record" in the present case in violation of Fed. R. Civ. P. 56(c)(1)(A)).

Rule 56 states that a party must cite to "materials in the record." *See* Fed. R. Civ. P. 56(c)(1)(A). Because Plaintiff never made the Experian deposition part of the record, the deposition transcript cannot be considered at the summary judgment stage and must be stricken. The cases relied upon by Plaintiff in support of the admissibility of the Experian deposition transcript do not alter this conclusion. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 539 (4th Cir. 2015) (affirming district court's consideration of experts' reports where appellees submitted declarations "under the penalty of perjury" from the experts that they would testify to the matters set forth in their respective reports and where appellant did not claim that the experts' declarations were deficient or that their testimony would be inadmissible at trial); *FOP v. City of Camden*, 842 F.3d 231 (3d Cir. 2016) (holding that hearsay statements can be considered if the proponent of those statements can evidence the out-of-court declarant's availability to testify at trial). Plaintiff's blanket statement that Experian's deponent can be called as a witness is not sufficient, even under the cases on which Plaintiff relies, and Plaintiff has not otherwise presented any reliable evidence that Experian's deponent is available to testify at trial.

For the foregoing reasons, Exhibit A to Plaintiff's Opposition should be stricken from the record.[1]

---

[1] Exhibit A was not produced to Chase in discovery or identified in Plaintiff's initial disclosures. *See* Certification of Counsel Jenny N. Perkins at ¶ 2. Moreover, Exhibit A contains a "Confidentiality" designation, which presents a question as to whether the attempted use of it here violates a Confidentiality Order.

> **B.  The FCRA Does Not Recognize "Whisper Down The Lane" Liability For Furnishers And, Even If It Did, Plaintiff Has Not Presented Any Admissible Evidence That Chase's Furnishing Was Incorrect.**

With the admission that Chase did not furnish the "Date of Status," Plaintiff now claims that information Chase did furnish *affected* the "Date of Status." Plaintiff makes the convoluted argument, without legal support, that Chase is responsible for information Experian included in a unique Experian field (a field which Chase has no control over), based on Experian's interpretation of information it received from another CRA, which that CRA interpreted from information Chase furnished in response to a separate dispute Plaintiff lodged with that other CRA. Plaintiff claims, for the first time in this case, that Chase furnished an incorrect Date of Account Information ("DOIA") and balance date, terms which Plaintiff uses interchangeably, causing Experian to report an incorrect "Date of Status." However, as with the "Date of Status," Plaintiff has not provided any admissible evidence of what the DOIA and balance date should be.

Chase cannot be held liable for the actions of CRAs after furnishers like Chase furnish valid information to them. Furnishers do not have any control over a CRA's actions once the CRA receives that information. To hold otherwise would impose strict liability on furnishers for the actions of CRAs who receive information from them.

> **C.  The "Date of Status" Field Does Not Appear On Credit Reports.**

Plaintiff's claim is futile for the simple reason that the "Date of Status" does not appear on credit reports. The field appears only on Experian consumer disclosures, which are not available to third parties. Information reported on consumer disclosures is not actionable under the FCRA. *See Giacolone v. Experian PLC*, No. 12 C 1192, 2013 U.S. Dist. LEXIS 87909, at *4-5 (N.D. Ill. June 24, 2013) (explaining the differences between a consumer disclosure and credit report and holding that information reported in the former cannot be the basis of an FCRA claim). Yet, Plaintiff insists that the "Date of Status" appears on credit reports. The simplest

way for Plaintiff to support her argument would be for her to produce her credit report. She has not done so and its absence in this litigation is telling.

Plaintiff cites to three cases to support her argument that the "Date of Status" appears on a credit report. However, a closer look at these cases reveals that the documents at issue in those cases were not credit reports. In *Hunsinger v. SKO Brenner Am., Inc.*, the "credit report" issued by Identity Guard was not a credit report from any of the CRAs. 2014 U.S. Dist. LEXIS 52029 (N.D. Tex. Apr. 15, 2014). Identity Guard is a commercial aggregator of unofficial credit information and the reports it issues are not available to or used by creditors to make credit determinations. And, the "credit reports" referenced in both *Banneck v. HSBC Bank, USA, N.A.*, 2016 U.S. Dist. LEXIS 79980 (N.D. Cal. June 20, 2016), and *Giovanni v. Bank of Am.*, 2013 U.S. Dist. LEXIS 55585 (N.D. Cal. Apr. 12, 2013), are Experian consumer disclosures.[2]

Plaintiff also argues that even if the "Date of Status" only appears on her consumer disclosure, an incorrect "Date of Status" should still be actionable under the FCRA because Plaintiff "can present clear evidence that the 'Date of Status' directly affected her Experian credit score." (Opp. at p. 9). However, all of Plaintiff's purportedly "clear evidence" on this point is inadmissible. As set forth above, Experian's 30(b)(6) deposition testimony from another case is not admissible and should be stricken from the record. Plaintiff's other alleged source of evidence—the deposition of her husband—is likewise inadmissible. Plaintiff's husband, Ramsey Coulter, cannot opine on what impacted Plaintiff's Experian credit score. Such opinions require expert testimony. Mr. Coulter has not been identified as an expert in this case and could not serve as an expert given the obvious bias. Plaintiff has not produced any evidence in this case of

---

[2]  True and correct copies of these consumer disclosures are attached as Exhibits 1, 2, and 3 to the Certification of Counsel Jenny N. Perkins. As publicly filed documents, the Court may take judicial notice of them. *See* Fed. R. Evid. 201(b)(2).

what her credit score was before or after the subject disputes.  As such, testimony from Mr. Coulter or Plaintiff on this topic would constitute hearsay.  The only admissible evidence in the record about whether the "Date of Status" impacts a creditor's determination to issue credit comes from Chase's expert, John Ulzheimer, who provided unrefuted testimony that it does *not* impact credit decisions.

> **D.     Chase's Investigation Was Reasonable And It Was Not Obligated To Mark The Accounts As Disputed.**

As explained in Chase's Opposition to Plaintiff's Motion for Summary Judgment, Chase's investigations of the subject disputes were reasonable in light of the scant information Plaintiff provided in her disputes.  The subject disputes did not identify the "Date of Status" as the disputed information.  Even Plaintiff has struggled to define her disputes as evidenced by the continuous shifting theories to support her claim.  Chase cannot be charged with deciphering a dispute that Plaintiff herself cannot identify more than two years later.

Plaintiff tries to rectify this issue by improperly reading the "Date of Status" into the disputes and then arguing that Chase could have done more to investigate the "Date of Status." (Opp. at pp. 15-16).  They are clear on their face, however, that the disputes did not specifically identify the "Date of Status" as the issue.  Making Chase guess as to what is disputed goes beyond what is required under the law.  *See*, *e.g.*, *Maiteki v. Marten Transp., Ltd.*, Civil Action No. 12-cv-2021-WJM-CBS, 2015 U.S. Dist. LEXIS 140470at *31 (D. Colo. Oct. 15, 2015), *aff'd.*, 828 F.3d 1272 (10th Cir. 2016) ("[t]he wording of the notice of dispute, as the furnisher receives it from the CRA [ ] constrains the investigation: the furnisher need only respond to the specific dispute, as it is received."); *Farren v. RJM Acquisition Funding, LLC,* No. 04-995, 2005 U.S. Dist. LEXIS 15230, at *6 (E.D. Pa. July 26, 2005) ("The statute does not require . . . any data furnisher to take extraordinary means to investigate and discover disputed information but

rather calls for a more passive investigation where the data furnisher is determining only that the information provided to it matches the information in its records."); *Jenkins v. LVNV Funding, LLC*, No. 14-CV-5682 (SJF), 2017 U.S. Dist. LEXIS 57513, at *33-34 (E.D.N.Y. Feb. 28, 2017) (rejecting plaintiff's argument that a furnisher is obligated to look beyond information contained in an ACDV where plaintiff failed to identify a specific item in his credit reports that he alleged to be inaccurate).

Because the subject disputes did not specifically identify the "Date of Status," Plaintiff is left with arguing that Chase should have marked the accounts "in dispute." However, Chase was not obligated to mark the accounts disputed for two independent reasons: (1) the "Date of Status" changed to what Plaintiff claimed it should have been; and (2) the dispute was not a *bona fide* dispute. It is undisputed that the "Date of Status" changed to the date Plaintiff claimed it should have been immediately following Chase's investigations of the subject disputes. JSMF ¶ 11. Chase is not aware of any Court finding a furnisher liable under 1681s-2(b) when the furnisher completed a timely investigation, as Chase indisputably did here, and the disputed information was promptly corrected, as was also the case here.

Plaintiff argues that her dispute was ongoing (Opp. at p. 10-11), but that is not the case. On October 29, 2017, Chase received the subject disputes via an ACDV from Experian. JSMF ¶ 7. The "Date of Status" for the Chase Accounts in Experian's October 30, 2017 "Results Summary" appeared as April 2015—the date Plaintiff contends was correct—and continued to appear that way on subsequent Experian disclosures. JSMF ¶ 11. Chase reviewed the October 29, 2017 ACDV and provided a response to Experian by the November 8, 2017 response date. *Id*. at ¶ 9. Thus, by November 8, 2017, the accounts were no longer in dispute. Even assuming the disputes still existed, the disputes were not *bona fide* for all the reasons stated in Chase's

8

Opposition to Plaintiff's Motion for Summary Judgment, but at a minimum, because the subject disputes were non-specific and provided only vague information. Accordingly, Chase was not obligated to mark the accounts as disputed.

### E. Plaintiff Lacks Standing To Advance Her Claims Because The Record Evidence Establishes That She Did Not Suffer Any Harm.

The Supreme Court issued *Spokeo* to combat the very claim Plaintiff seeks to advance here. Plaintiff has no damages. She provided unequivocal testimony that she did not suffer any harm as a result of the challenged "Date of Status." Indeed, Plaintiff moved for summary judgment without even mentioning that she suffered any harm, a requirement to prove a violation of the FCRA. It was not until Chase raised the issue in its moving papers, that Plaintiff felt compelled to assert that she was damaged. All of the cases Plaintiff cites in support of her argument that she has standing to advance her claim predate *Spokeo*.

In a feeble attempt to claim she was damaged, Plaintiff points to the boilerplate averment in her Complaint that she experienced emotional distress. However, when given the opportunity to evidence this allegation, under oath, Plaintiff did not testify that she suffered any emotional distress. When directly asked what her damages were, Plaintiff had nothing to say. Plaintiff attempts to excuse her failure to demonstrate that she was harmed by claiming that her husband handles her finances. While that may be true, Plaintiff cannot advance her claim if she cannot articulate her damages. Plaintiff is the named plaintiff in this lawsuit, not her husband. Plaintiff did not produce her credit reports in this litigation or any other evidence of what her credit score reflected during the relevant time periods. Plaintiff bears the burden of establishing she was harmed and she has not met it.

Plaintiff's attempt to back door in her husband's testimony is inadmissible. While her husband may refer to himself as a "credit expert," he was not identified as an expert by Plaintiff.

9

Statements made by Plaintiff's husband to Plaintiff about what her credit score may have been are inadmissible hearsay and cannot be used to support any claim that Plaintiff suffered damages. *See*, *e.g.*, *Boyd v. Wells Fargo Bank, N.A.*, No. 2:15-cv-2, 2016 U.S. Dist. LEXIS 172965, at *15 (S.D. Ga. Dec. 14, 2016) (excluding plaintiff's testimony regarding his credit score as inadmissible hearsay because it relied on a report from a credit bureau which was never offered into evidence); *Carlisle v. Nat'l Commer. Servs.*, No. 1:14-cv-515-TWT-LTW, 2017 U.S. Dist. LEXIS 39954, at *24 n.3 (N.D. Ga. Feb. 22, 2017) (same).

### III. CONCLUSION

The FCRA was enacted, in part and as applicable here, to provide a seamless channel for individuals to report furnishing inaccuracies to CRAs and for CRAs to report those disputes to the furnishers. It was not meant to give plaintiffs a mechanism to bring disputes against furnishers based on information that furnishers simply do not furnish. This is one such claim.

For the foregoing reasons, and those set forth by Chase in its summary judgment briefing in this action, Chase is entitled to summary judgment on all of Plaintiff's claims as a matter of law, and Exhibit A to Plaintiff's Opposition to Chase's Motion for Summary Judgment should be stricken.

Respectfully submitted,

Date:  December 24, 2019

*/s/ Jenny N. Perkins*
Beth Moskow-Schnoll, Esquire
moskowb@ballardspahr.com
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599
(215) 864-8238 (Telephone)
(215) 864-9511 (Fax)
*Attorneys for Defendant,*
*JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day, a true and correct copy of the foregoing Defendant's Reply Brief in Further Support of its Motion for Summary Judgment and Certification of Counsel were served on the following via electronic service through the Electronic Case Filing System for the Eastern District of Pennsylvania

Daniel Zemel, Esquire
Nicholas J. Linker, Esquire
Zemel Law LLC
1373 Broad Street
Suite 203-C
Clifton, NJ 07013

*Counsel for Plaintiff*

Dated: December 24, 2019

                                              */s/  Jenny N. Perkins*
                                              Jenny N. Perkins