**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY COULTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 5:18-cv-01538-JLS |
| | : | |
| CHASE BANK USA, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S PRETRIAL MEMORANDUM

Pursuant to this Court's Scheduling Order dated January 29, 2020 (ECF No. 109), Local Rule 16.1(c), and this Court's Individual Practices and Procedures, Defendant Chase Bank USA, N.A., now known as JPMorgan Chase Bank, N.A. ("Chase"), through its undersigned counsel, hereby submits this Pretrial Memorandum.

## I.     NATURE OF THE ACTION AND BASIS OF JURISDICTION

In her Second Amended Complaint (ECF No. 78), Plaintiff alleges that she notified Experian that her Chase accounts were inaccurately reporting the "Date of Status" and despite receiving notice of these disputes, Chase did not update the Chase accounts to reflect the alleged accurate "Date of Status" or mark the Chase Accounts as "in dispute."  Plaintiff claims that she made these disputes in or around October 21, 2017 (the "October 2017 Disputes" or the "Subject Disputes").  On these allegations, Plaintiff purports to bring causes of action against Chase for alleged violations of sections 1681n and 1681o of the Fair Credit Reporting Act ("FCRA").[1]

Plaintiff is seeking to hold Chase liable for allegedly furnishing information that it did not, and does not, furnish to CRAs, as well as a bare procedural violation.  Chase maintains that

---

[1]     15 U.S.C. §§ 1681, *et seq.*

it is not liable to Plaintiff for any amount and Plaintiff cannot prove her case for six separate and independent reasons:

1. *Chase does not furnish the Date of Status*: It is undisputed that Chase does not furnish the "Date of Status." Rather, the "Date of Status" is a unique Experian field that appears only on Experian consumer disclosures. Plaintiff is seeking to hold Chase liable for information it does not furnish to CRAs and information it has no control over.

2. *No obligation to mark the Accounts "in dispute"*: Chase never had an obligation to mark the Chase accounts in dispute because the October 2017 Disputes – the only disputes at issue in this action–were not meritorious or bona fide on their face. The law is well-settled that a furnisher does not have an obligation to mark an account "in dispute" upon receipt of a non-meritorious or non-bona fide dispute. The fact that Chase does not furnish a "Date of Status" makes Plaintiff's disputes not bona fide or meritorious. Moreover, the October 2017 Disputes were communicated to Chase through identical Automated Credit Dispute Verifications ("ACDVs"), which provided only the following information to Chase:

| ACDV Response: | | | |
|---|---|---|---|
| Account Number: | ██████████ | SSN: | ████████ |
| Consumer Name: | EMILY COULTER | Control Number: | 2061523978001 |
| Response Code: | 24 | Subscriber Code: | ██████ |
| Response Date: | 10/29/2017 | DF Contact Number: | |
| Response Due Date: | 11/8/2017 | DF Authorized Name: | ████████████ |
| Dispute Information: | | | |
| Dispute Code 1: | 112 - Claims inaccurate information. Did not provide specific dispute | | |
| Dispute Code 2: | | | |
| FCRA Relevant Information: | ‖‖‖‖‖‖‖‖‖‖‖‖ | | |

Exhibit C-1 (CHASE 0004-00006), October 29, 2017 ACDV for 44171234702XXX Account.[4]

There is no reference to the "Date of Status" anywhere on the ACDVs. The "Date of Status" is not information that Plaintiff specifically disputed in the ACDVs, nor is it information that Chase could have addressed in the ACDVs.

3.     *Chase's investigation was reasonable:* Plaintiff cannot show that Chase failed to perform a reasonable investigation upon notification of the October 2017 Disputes given the scant information that was provided to Chase relating to the Subject Disputes.

4.     *Plaintiff did not suffer any harm:* As a matter of law, Plaintiff cannot obtain any damages because she cannot demonstrate that she suffered any harm as a result of Chase's alleged failure to perform a reasonable investigation of the October 2017 Disputes.

5.     *Consumer disclosures have no impact on credit decisions:* Plaintiff cannot show that any harm flowed to her from the allegedly inaccurate "Date of Status" because the field only appears on consumer disclosures, which are not available to third-parties and, therefore, cannot impact credit decisions.

6.     *The disputed information was updated:* Plaintiff could not have been harmed because Experian, the party responsible for the Date of Status field, changed the challenged information to what Plaintiff believes it should have been.

As a general matter, this Court has original jurisdiction over claims arising under the FCRA pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## II.     STATEMENT OF FACTS

### A.     Statement Of Undisputed Facts

The following joint stipulation of material facts was submitted to the Court in connection with the parties' respective summary judgment motions. *See* ECF No. 86-2.

1.     Plaintiff had two credit card accounts with Chase bearing account number 426684137180XXXX and 441712304702XXXX, respectively (the "Chase Accounts").

2. On April 29, 2015, Plaintiff filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

3. Plaintiff identified the Chase Accounts as belonging to her in the schedules she filed in her bankruptcy proceeding.

4. On September 3, 2015, Plaintiff received a discharge in her bankruptcy.

5. Experian has a data field called the "Date of Status" on its consumer disclosures.

6. Plaintiff's July 24, 2017 Experian consumer disclosure report showed "July 2017" as the "Date of Status" for the Chase Accounts.

7. On October 29, 2017, Chase received notice of a dispute concerning the Chase Accounts from Experian via ACDVs (hereinafter "October 29, 2017 ACDVs").

8. The October 29, 2017 ACDVs, like all ACDVs, do not contain a "Date of Status" field.

9. Chase reviewed the October 29, 2017 ACDVs and provided a response to Experian by the November 8, 2017 response date.

10. Chase did not mark the Chase Accounts in dispute in response to its receipt of the October 29, 2017 ACDVs.

11. The "Date of Status" for the Chase Accounts in Experian's October 30, 2017 Experian "Results Summary" appeared as April 2015 (what Plaintiff believes should have been the correct Date of Status), and appeared that way on subsequent Experian consumer disclosures.

12. Plaintiff believes that her "rights were violated" when the reporting of the alleged inaccurate information occurred and she believes she's "owed something."

13.     Plaintiff testified that she did not know her credit score as of January 8, 2019, when she was deposed in this action, nor did she know on that date what her credit score was back in August of 2017.

14.     Since the alleged inaccurate "Date of Status" appeared on her Experian consumer disclosure, Plaintiff has not applied for and been denied credit.

15.     Plaintiff has since applied for and obtained credit from various institutions.

**B.      Defendant's Additional Statement of Facts**

1.      Plaintiff is married to Ramsey Coulter.  Pl. Dep. Tr. at 12:4-9.

2.      Plaintiff is the owner of Coulter Credit, a credit repair company managed by her husband.  *Id*. at 14:23-34; 15:1-5.; *see also* Ramsey Coulter Dep. Tr. at 23:12-21.

3.      Coulter Credit refers clients to Zemel Law LLC, as well as other attorneys. Ramsey Coulter Dep. Tr. 10-18,

4.      At the time of her deposition, Plaintiff was unable to articulate what her damages were and Plaintiff could not monetize what her alleged damages were.  Pl. Dep. Tr. 58:6-23; 59:10-14, 24; 60-1-5.

5.      Plaintiff did not review her credit report between October 3, 2017 and November 27, 2017.  Pl. Dep. Tr. at 5-9.

## III.      MONETARY DAMAGES CLAIMED

Plaintiff is seeking actual damages, statutory damages, punitive damages, costs, and attorneys' fees.  For the reasons set forth in Section X below, Plaintiff should be precluded from offering any evidence or testimony at trial about her purported actual damages because she did not produce any evidence of her claimed damages during discovery.

Chase denies that Plaintiff has suffered any damages or is entitled to an award of any damages.  Chase seeks a verdict in its favor.

## IV.    TRIAL WITNESSES

### A.    Liability Witnesses

**David Rivera (or a representative of Chase)**
c/o Counsel for Chase
Jenny N. Perkins
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8378

**Plaintiff Emily Coulter**
c/o Counsel for Plaintiff
Daniel Zemel
Zemel Law LLC
1373 Broad Street
Suite 203-C
Clifton, NJ 07013

**Any witness identified by Plaintiff who has not been excluded**

### B.    Damages Witnesses

**Plaintiff Emily Coulter**
c/o Counsel for Plaintiff
Daniel Zemel
Zemel Law LLC
1373 Broad Street
Suite 203-C
Clifton, NJ 07013

**Any witness identified by Plaintiff who has not been excluded**

## V.    SCHEDULE OF DEFENDANT'S EXHIBITS

| EXHIBIT NUMBER | DOCUMENT | BATES NUMBER |
|---|---|---|
| D-1 | 10/29/17 ACDV for Chase Account 426684137180XXXX | CHASE 00004-00006 |
| D-2 | 10/29/17 ACDV for Chase Account 441712304702XXXX | CHASE -00055-00057 |
| D-3 | 11/20/15 Letter from Plaintiff to Experian | EXPERIAN_18-CV-1538_000001 |
| D-4 | Affidavit of Plaintiff | ECF No. 43 |
| D-5 | All pleadings filed in this case | None |

Chase reserves the right to amend or supplement its exhibit list at a later date.

## VI. ESTIMATED LENGTH OF TRIAL

Chase estimates that a trial of this matter will take one to two days.

## VII. SPECIAL COMMENTS REGARDING LEGAL ISSUES

### A. Plaintiff Lacks Standing To Pursue Her Claims At Trial

As set forth in Chase's pending motion for summary judgment, Plaintiff lacks standing to pursue her claims as Plaintiff did not suffer an injury in fact that is fairly traceable to the challenged conduct of Chase, and that is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (setting forth the elements of standing and holding that a bare procedural violation of a consumer protections statute does not confer standing on a plaintiff without actual harm). Plaintiff has offered no admissible evidence that Chase's investigation of the October 2017 disputes caused her harm. Nor has Plaintiff offered any evidence that she suffered any harm because Chase did not mark the Chase Accounts "in dispute," after responding to the ACDVs. *See*, *e.g.*, *Foster v. Afni, Inc.*, No. 2:18-CV-12340-TGB, 2020 U.S. Dist. LEXIS 55579, at *12 (E.D. Mich. Mar. 31, 2020) ("Because the record is devoid of any evidence from which a jury could find that Plaintiff's credit score changed because Defendant failed to report her debt as disputed, or that she suffered emotional distress, Plaintiff has not shown a concrete harm to confer Article III standing."). Plaintiff testified at her deposition that she did not know what her credit score was at the time of her deposition, she did not know what her credit score was in August 2017, and she could not recall a time when she knew what her credit score was. *See* Pl. Dep. Tr. 148:3-23.

Accordingly, Chase is entitled to summary judgment on Plaintiff's claims because after the completion of discovery, with multiple extensions, Plaintiff has not established that she suffered any actual harm as result of Chase's investigation of the October 2017 disputes.

**B.     Plaintiff Cannot Establish Her Claim For Negligent Noncompliance With The FCRA Because Plaintiff Has No Evidence Of Actual Damages**

As set forth in Chase's pending motion for summary judgment, Plaintiff's claim of Chase's negligent noncompliance with the FCRA fails as a matter of law because she cannot establish actual damages as a result of Chase's challenged conduct.  To succeed on a FCRA claim, a plaintiff must prove her entitlement to damages under either a negligence or willfulness theory.  *Horsch v. Wells Fargo Home Mortg*., 94 F. Supp. 3d 665, 677-78 (E.D. Pa. 2015) ("FCRA does not hold furnishers strictly liable for failing to investigate and rectify disputed credit information.  Rather, only willful or negligent violations will expose a  furnisher to civil liability.") (citing § 1681n (willful noncompliance); § 1681o (negligent noncompliance).  A plaintiff alleging negligent noncompliance can recover only actual damages. *Horsch*, 94 F. Spp. 3d at 678; *see also* 15 U.S.C. § 1681o(a)(1)-(2).

Under a negligent noncompliance theory, a plaintiff must establish actual damages attributable to the defendant's unreasonable investigation.  *See Van Veen v. Equifax Info*., 844 F. Supp. 2d 599, 609 (E.D. Pa. 2012) ("As I already explained, Plaintiff does not have a cause of action for Defendant's alleged inaccurate reporting.  Rather, Plaintiff can recover only for Defendant's alleged failure to conduct a reasonable investigation of his dispute after receiving notice from a CRA. Accordingly, Plaintiff can recover only for those damages caused by Defendant's unreasonable investigations.")  Plaintiff has not produced any evidence that she suffered any damages traceable to Chase's challenged conduct.

**C.     Plaintiff Cannot Establish Her Claim For Willful Violation Of The FCRA Because Plaintiff Has Provided No Evidence That Chase's Investigation Was Unreasonable**

As explained in Chase's pending motion for summary judgment, to prove willfulness, Plaintiff carries the heavy burden of showing that Chase knowingly and intentionally committed

an act in conscious disregard for Plaintiff's rights.  *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57-58 (2007).  As a matter of law, only defendants who engaged in willful misrepresentations or concealments have committed a willful violation of the FCRA and are subject to liability under §1681n.  *See Stevenson v. TRW, Inc.*, 987 F.2d 288, 294 (5th Cir. 1993); *see also Cushman v. TU Corp.*, 115 F.3d 220, 227 (3d Cir. 1997).  Plaintiff cannot meet her heavy burden of establishing that Chase knowingly and intentionally committed an act in conscious disregard for Plaintiff's rights and there is absolutely no evidence that Chase engaged in willful misrepresentations or concealments with respect to its investigation of the October 2017 Disputes.

## VIII.  ALL STIPULATIONS OF COUNSEL

As of the date of this submission, the parties jointly submitted a statement of undisputed facts with their respective summary judgment motions.  *See supra* at Section II.A.  As the parties' pretrial memorandums are due concurrently, Chase anticipates that the parties should be able to reach additional stipulations prior to trial.

## IX.  STATEMENT OF OBJECTIONS TO THE ADMISSIBILITY OF EXHIBITS BASED ON AUTHENTICITY

Chase submits the following objections to the admissibility of certain exhibits that Plaintiff included on her exhibit list.  For ease of reference, Chase submits all other admissibility objections it has with respect to the documents listed below.

| Exhibit No. | PLAINTIFF PROPOSED EXHIBIT | BASIS FOR AUTHENTICITY OBJECTION & OTHER ADMISSIBILITY OBJECTIONS |
|---|---|---|
| 13. | **August 18, 2017 Letter from Plaintiff to Experian**<br><br>• Produced by Plaintiff without bates-number | **Authenticity Objection:**<br><br>• FRE 901(b)(1) – Plaintiff testified that she does not have personal knowledge of this letter because she did not write it; her husband did.  Plaintiff also does not have |

| | | | personal knowledge that the letter was mailed. |
|---|---|---|---|

**Other Admissibility Objections:**

- FRE 1002 – Unsigned purported copy of letter does not constitute an original writing, thereby violating the best evidence rule. *See* Pl. Dep. Tr. at 4:4-24; 47:1-7.

- An original signed copy of the letter exists, but Plaintiff did not retain a copy of the signed letter. *See* Ramsey Coulter Dep. at 54:15-24; 55:1-21.

- FRE 402; 403 – Irrelevant evidence is not admissible. Evidence that is unfairly prejudicial and that would mislead the jury is not admissible. Discovery established that Chase never received notice of Plaintiff's August 2017 Dispute. Chase was never sent this letter or a corresponding ACDV from Experian. Plaintiff's August 2017 Dispute was the subject of Plaintiff's original complaint and amended complaint in this action. In her motion for leave to file a second amended complaint (ECF No. 67), Plaintiff admitted that Chase never received the August 2017 Dispute. See ECF No. 67 at p. 2 ("Through the recent discovery of disclosed documents received from Defendant Chase Bank USA, N.A., and the deposition of Defendant on March 6, 2019, Plaintiff has confirmed that the dispute that formed the basis of the current Complaint was mysteriously never received by Defendant."

| | | |
|---|---|---|
| **2, 5, 6** | **(i) Plaintiff's July 24, 2017 Experian Consumer Disclosure**<br><br>**(ii) Plaintiff's October 3, 2017 Experian Consumer Disclosure**<br><br>**(iii) Plaintiff's November 27, 2017 Experian Consumer Disclosure**<br><br>• Produced by Plaintiff without bates-number | **<u>Authenticity Objection:</u>**<br><br>• FRE 901(b)(1) - Plaintiff does not have personal knowledge of how Experian credit reports or credit disclosures are created. *See, e.g.*, *Egan v. Idaho Credit Union*, No. 4:15-cv-00471-DCN, 2017 U.S. Dist. LEXIS 161634, at *9 (D. Idaho Sept. 29, 2017) (a credit report may only be deemed admissible with testimony from an individual with actual knowledge of how the credit reports were created); *Gannon v. IC Sys.*, No. 09-60302, at *4 (S.D. Fl. Sept. 25, 2009) ("The Court's own research into the admissibility of credit reports under the business record exception reveals that such reports are admissible when there is testimony from someone at the credit bureau with knowledge of how the reports are compiled.")<br><br>**<u>Other Admissibility Objections:</u>**<br><br>• FRE 801 and 802 – Plaintiff's consumer disclosures are hearsay and are not subject to any of the exceptions listed in FRE 803 or 804. |
| **3-4** | **Plaintiff's Experian Consumer Disclosures dated: August 18, 2017 and December 29, 2017**<br>• Produced by Experian as EXPERIAN_18-CV-1538_000013-000206 | **<u>Authenticity Objection:</u>**<br><br>• FRE 901(b)(1) - Plaintiff does not have personal knowledge of how Experian credit reports or credit disclosures are created. *See, e.g.*, *Egan v. Idaho Credit Union*, No. 4:15-cv-00471-DCN, 2017 U.S. Dist. LEXIS 161634, at *9 (D. Idaho Sept. 29, 2017) (a credit |

| | | report may only be deemed admissible with testimony from an individual with actual knowledge of how the credit reports were created); *Gannon v. IC Sys.*, No. 09-60302, at *4 (S.D. Fl. Sept. 25, 2009) ("The Court's own research into the admissibility of credit reports under the business record exception reveals that such reports are admissible when there is testimony from someone at the credit bureau with knowledge of how the reports are compiled.")<br><br>**Other Admissibility Objections:**<br><br>• FRE 801 and 802 – Plaintiff's consumer disclosures are hearsay and are not subject to any of the exceptions listed in FRE 803 or 804. |

## X. STATEMENT OF OBJECTIONS TO THE ADMISSIBILITY OF ANY EVIDENCE EXPECTED TO BE OFFFERED FOR ANY REASON

Chase submits the following objections to the admissibility of certain exhibits Plaintiff included on her exhibit list:[2]

---

[2] Per His Honor's Individual Policies and Procedures, the deadline for filing *motions in limine* will be determined at the Rule 16 Conference and will be confirmed in the Scheduling Order. No such deadline appears in any of the Scheduling Orders entered in this action. Chase anticipates that His Honor will set a deadline for the parties to file *motions in limine* at the final pretrial conference on April 8, 2020. Chase intends to file *motions in limine* regarding the evidence identified in the above chart, as well as other *motions in limine.*

| Exhibit No. | EVIDENCE PROFERRED BY PLAINTIFF | BASIS FOR OBJECTION |
|---|---|---|
| 1. | **Declaration of Mary Methvin & Exhibits attached thereto**<br><br>• Declaration was produced by Experian in discovery without bates-numbers and the Exhibits attached to the Declaration are bates-numbered EXPERIAN_18-CV-1538_000285-00030 | • FRE 801 and 802 – The declaration and the exhibits are hearsay and are not subject to any of the exceptions listed in FRE 803 or 804. |
| 14. | **Deposition of Kimberly Cave, 30(b)(6) Witness for Experian in Another Action**<br><br>• Plaintiff did not produce the deposition transcript during discovery. Instead, she attached portions of same to her Opposition to Chase's Motion for Summary Judgment.<br><br>• Plaintiff has only provided Chase with excerpts from the deposition. The full deposition has not been produced in this case. | • FRE 801 and 802 – the deposition is hearsay and it is not subject to any of the exceptions listed in FRE 803 or 804.<br><br>• The deposition was taken in a different action. Chase was not a party to this other action and Chase did not have the opportunity to participate in the deposition from this other action. |
| 9 | **ACDV response from Chase to Experian dated January 10, 2017 for Account 4266**** (CHASE 00001-00003)** | • <u>FRE 402;403</u> – Irrelevant evidence is not admissible. Plaintiff's FCRA claim is based solely on the October 2017 Disputes. A dispute that Plaintiff submitted to Experian 9 months before the instant dispute has no bearing on whether Chase performed a reasonable investigation in response to the October 2017 dispute. It is well-settled that a furnisher is only required to review the four corners of an ACDV in its investigation of a dispute. *See*, *e.g.*, *Maiteki v. Marten Transp., Ltd.*, Civil Action No. 12-cv-2021-WJM-CBS, 2015 U.S. Dist. LEXIS 140470at *31 (D. Colo. Oct. |

| | | 15, 2015), *aff'd.*, 828 F.3d 1272 (10th Cir. 2016) ("[t]he wording of the notice of dispute, as the furnisher receives it from the CRA [ ] constrains the investigation: the furnisher need only respond to the specific dispute, as it is received."); *Farren v. RJM Acquisition Funding, LLC,* No. 04-995, 2005 U.S. Dist. LEXIS 15230, at *6 (E.D. Pa. July 26, 2005) ("The statute does not require . . . any data furnisher to take extraordinary means to investigate and discover disputed information but rather calls for a more passive investigation where the data furnisher is determining only that the information provided to it matches the information in its records."); *Jenkins v. LVNV Funding, LLC*, No. 14-CV-5682 (SJF), 2017 U.S. Dist. LEXIS 57513, at *33-34 (E.D.N.Y. Feb. 28, 2017) (rejecting plaintiff's argument that a furnisher is obligated to look beyond information contained in an ACDV where plaintiff failed to identify a specific item in his credit reports that he alleged to be inaccurate); *Noel v. First Premier Bank*, 2012 U.S. Dist. LEXIS 32595, at *9 (M.D. Pa. Mar. 12, 2012) (rejecting plaintiff's argument that his dispute was *bona fide* because such inquiry is determined based upon the information that was actually provided to the furnisher, instead of the plaintiff's "after-the-fact elaboration on the information |

| | | |
|---|---|---|
| | | contained in the correspondence and argument based on what he *intended* to request/assert regarding the basis for his dispute.") (emphasis in original).<br><br>• Introducing other disputes Plaintiff made to Experian will confuse the issues and mislead the jury, especially if Plaintiff makes it appear that the only disputes she submitted to the CRAs about her Chase Accounts were about the "Date of Status." Plaintiff also lodged disputes with the CRAs about the Chase Accounts claiming that they did not belong to her; the amounts reported were incorrect; identity fraud; consumer not liable for account; included in bankruptcy of another person, etc. |
| 10. | **ACDV response from Chase to TransUnion dated March 10, 2017 for Account 4266\*\*\*\* (CHASE 00019-00021); \*** | • <u>FRE 402; 403</u> – Irrelevant evidence is not admissible. Plaintiff's FCRA claim is based solely on the October 2017 Disputes. A dispute that Plaintiff submitted to Trans Union, a different CRA is not relevant. It has been established in this case that the "Date of Status" only appears on Experian consumer disclosures. A dispute to Trans Union regarding an Experian only reported field will mislead the jury, especially if Plaintiff makes it appear that the only disputes she submitted to the CRAs about her Chase Accounts were about the "Date of Status." Plaintiff also lodged disputes with the CRAs about |

| | | |
|---|---|---|
| | | the Chase Accounts claiming that they did not belong to her; the amounts reported were incorrect; identity fraud; consumer not liable for account; included in bankruptcy of another person, etc. |
| 11. | **ACDV response from Chase to Experian dated January 11, 2017 for Account 4417**** (CHASE 00052-00054); *** | • <u>FRE 402; 403</u> – Irrelevant evidence is not admissible. Plaintiff's FCRA claim is based solely on the October 2017 Disputes. A dispute that Plaintiff submitted to Experian 9 months before the instant dispute is not relevant. It is well-settled that a furnisher is only required to review the four corners of an ACDV in its investigation of a dispute. *See, e.g.*, *Maiteki v. Marten Transp., Ltd.*, Civil Action No. 12-cv-2021-WJM-CBS, 2015 U.S. Dist. LEXIS 140470at *31 (D. Colo. Oct. 15, 2015), *aff'd.*, 828 F.3d 1272 (10th Cir. 2016) ("[t]he wording of the notice of dispute, as the furnisher receives it from the CRA [ ] constrains the investigation: the furnisher need only respond to the specific dispute, as it is received."); *Farren v. RJM Acquisition Funding, LLC*, No. 04-995, 2005 U.S. Dist. LEXIS 15230, at *6 (E.D. Pa. July 26, 2005) ("The statute does not require . . . any data furnisher to take extraordinary means to investigate and discover disputed information but rather calls for a more passive investigation where the data furnisher is determining only that the information provided to it matches the information in its |

| | | |
|---|---|---|
| | | records."); *Jenkins v. LVNV Funding, LLC*, No. 14-CV-5682 (SJF), 2017 U.S. Dist. LEXIS 57513, at *33-34 (E.D.N.Y. Feb. 28, 2017) (rejecting plaintiff's argument that a furnisher is obligated to look beyond information contained in an ACDV where plaintiff failed to identify a specific item in his credit reports that he alleged to be inaccurate); *Noel v. First Premier Bank*, 2012 U.S. Dist. LEXIS 32595, at *9 (M.D. Pa. Mar. 12, 2012) (rejecting plaintiff's argument that his dispute was *bona fide* because such inquiry is determined based upon the information that was actually provided to the furnisher, instead of the plaintiff's "after-the-fact elaboration on the information contained in the correspondence and argument based on what he *intended* to request/assert regarding the basis for his dispute.") (emphasis in original).

- Introducing other disputes Plaintiff made to Experian will confuse the issues and mislead the jury, especially if Plaintiff makes it appear that the only disputes she submitted to the CRAs about her Chase Accounts were about the "Date of Status." Plaintiff also lodged disputes with the CRAs about the Chase Accounts claiming that they did not belong to her; the amounts reported were incorrect; identity fraud; consumer not liable for |

| | | |
|---|---|---|
| | | account; included in bankruptcy of another person, etc. |
| 12 | **AUD from Chase for Account No. 4417\*\*\*\*, dated November 17, 2017 (CHASE 00109-00111); \*** | • <u>FRE 402; 403</u> – Irrelevant evidence is not admissible. Plaintiff's FCRA claim is based solely on the October 2017 Disputes. An AUD is not the same as an ACDV. An AUD is not triggered by a Plaintiff's dispute to the CRA. Rather, furnisher's regularly submit AUDs to update account information it notices requires an update. Introducing Chase's AUD will confuse the issues and mislead the jury, especially since it was submitted after Experian changed the challenged information to what Plaintiff believes it should have been. The AUD has nothing to do with the Subject Disputes. |
| 17. | **Deposition of Emily Coulter** *See Note following Chart* | • FRE 801 and 802 – Chase objects generally to the admission of Plaintiff's Deposition Testimony in lieu of Plaintiff testifying at trial. Plaintiff's Deposition Testimony is hearsay and is not subject to any of the exceptions listed in FRE 803 or 804. |
| 18. | **Deposition of Ramsey Coulter** | • FRE 801 and 802 – Chase objects generally to the admission of Ramsey Coulter's Deposition Testimony in lieu of Ramsey Coulter testifying at trial. Ramsey Coulter's Deposition Testimony is hearsay and is not subject to any of the exceptions listed in FRE 803 or 804. |
| 18. | **Deposition of Ramsey Coulter and/or Trial Testimony from Him Regarding the** | • FRE 801 and 802 – Ramsey Coulter's deposition testimony |

| | | |
|---|---|---|
| | **Contents of Plaintiff's Experian Consumer Disclosures and/or Credit Reports, as well as Plaintiff's credit score.**<br><br>• Ramsey Coulter Dep. Tr. at pp. 28-35; 104:13-107; 154-155 | of the contents of Plaintiff's Experian Consumer Disclosures and/or Credit Reports, as well as Plaintiff's credit score, is double hearsay and it is not subject to any of the exceptions listed in FRE 803 or 804. |
| **18.** | **Deposition of Ramsey Coulter and/or Trial Testimony from Him Regarding the Impact of Chase's furnishing of information on Plaintiff's credit score.**<br><br>• Ramsey Coulter Dep. Tr. at pp. 28-35; 104:13-107. | • FRE 701 and 702 – Ramsey Coulter was not designated as an expert in this case and the deadline for Plaintiff to identify an expert has expired. Ramsey Coulter may not render lay opinion testimony about the impact, if any, of Chase's furnishing of information on Plaintiff's credit score and the meaning or impact of Experian's "Date of Status" field. |
| | **Deposition Testimony of Ramsey Coulter and/or Trial Testimony from Him Regarding Plaintiff's alleged damages.** | • FRE 701 and 702 – Ramsey Coulter may not render lay opinion testimony about Plaintiff's alleged anxiety, emotional distress, other medical symptoms, or any of Plaintiff's alleged damages as he is not qualified to do so.<br><br>• FRE 801 and 802 –Ramsey Coulter may not testify about any conversation he had with Plaintiff or anyone else regarding Plaintiff's alleged damages, such testimony is hearsay and it is not subject to any of the exceptions listed in FRE 803 and 804. |
| **18.** | **Deposition of Ramsey Coulter and/or Trial Testimony from Him Regarding the Fair Credit Reporting Act.** | • FRE 701 and 702 – Ramsey Coulter was not designated as an expert in this case and the deadline for Plaintiff to identify |

| | | |
|---|---|---|
| | • Ramsey Coulter Dep. Tr. at pp. 43-45. | an expert has expired. Ramsey Coulter may not render lay opinion testimony about the Fair Credit Reporting Act, which requires expert testimony. |
| 16. | **Deposition of John Ulzheimer** | • FRE 801 and 802 – Chase objects generally to the admission of John Ulzheimer's Deposition Testimony in lieu of him testifying at trial. Plaintiff's Deposition Testimony is hearsay and is not subject to any of the exceptions listed in FRE 803 or 804. |
| 19. | **Expert Report of John Ulzheimer and Exhibits thereto** | • FRE 801 and 802 – Chase objects generally to the admission of John Ulzheimer's expert report and exhibits thereto as hearsay and not being subject to any of the exceptions listed in FRE 803 or 804. |
| N/A | **Evidence/Testimony of Plaintiff's Out-of-Pocket Expenses**<br><br>• Plaintiff did not produce any evidence of out-of-pocket expenses in discovery and testified at her deposition that she could not articulate or monetize her purported damages. | • Evidence of out-of-pocket expenses should be precluded from trial because this type of expense is not compensable under the FCRA. *See Sassaman v. Rushmore Loan Mgmt. Servs.*, LLC, No. 1:15-cv-1487, 2016 U.S. Dist. LEXIS 173187, at 6-7 (M.D. Pa. Dec. 15, 2016) ("Out-of-pocket expenses such as postage fees, credit monitoring, printing and copying costs, mileage expended, and costs of notifying an agency or creditor that a report is inaccurate are not actual damages under the FCRA.") (collecting cases). |
| | **Evidence/Testimony of Plaintiff's Actual Damages from any witness** | • A plaintiff cannot recover damages that are based upon sheer speculation, guesswork, |

| | |
|---|---|
| • Plaintiff did not produce any evidence of actual damages caused by Chase in discovery and testified at her deposition that she could not articulate or monetize her purported damages. | or conjecture. *Jackson & Coker, Inc. v. Lynam*, 840 F. Supp. 1040, 1052 (E. D. Pa. 1993), *aff'd*, 31 F. 3d 1172 (3d Cir. 1994). Instead, a plaintiff has to provide a foundation, in the form of a reasonable quantity of information, upon which the trier of fact can form a fair and reasonable assessment of the amount of his loss. *Petock v.Thomas Jefferson University*, No. 84 5937, 1986 U.S. Dist. LEXIS 30246, at *9 (E.D. Pa. Jan. 21,1986); *Aetna Freight Lines, Inc.*, 368 F.2d 345 (3rd Cir. 1966). Plaintiff must not be permitted to introduce evidence of the existence any actual damages caused by Chase's credit furnishing or to speculate, without a scintilla of evidence, that she actually incurred these damages or that these damages were caused by Chase. |
| | • Plaintiff has not produced any documentation evidencing her current and prior credit scores and is therefore unable to show that her credit score decreased as a result of Chase's credit furnishing. Accordingly, Plaintiff cannot establish that actual damages, injury to her credit rating and/or a decreased credit occurred when she has no evidence to establish a base line by which the trier of fact could conclude that Chase's furnishing caused her actual damages, injury to her credit worthiness and/or decreased her credit score. |

| | | |
|---|---|---|
| | | • Further, Plaintiff's credit score and credit reputation are derived from the information contained in her credit reports. Plaintiff has failed to produce even a single copy of her credit report. |
| **Nos. 15 - 18** | **Exhibits to Deposition Transcripts of David Rivera, John Ulzheimer, Plaintiff, and Coulter Ramsey** | • Chase objects to a blanket admission of all exhibits from these depositions. Because Plaintiff did not specify which exhibits from each deposition she seeks to admit, Chase is unable to specifically object to each one. Chase incorporates by reference the objections identified herein to the extent the exhibits to the deposition transcripts are the same documents. |

Chase objects to the introduction of Plaintiff's deposition transcript, as she should be required to appear in person as the plaintiff in this case, but if Plaintiff is allowed to use her deposition testimony in lieu of live testimony, Chase designates the following portions from her deposition transcript for its case-in-chief:[3]

**17:3-24; 18-3**

```
 3          Q.    And what is your
   understanding of why you're here today?
 4
 5          A.    I sent you -- I sent Chase
 6   letters because they violated my rights,
 7   they changed the date of the status on my
 8   account and it wasn't changed, so I'm
 9   here because you guys wanted me here.
10          Q.    What rights did Chase
11   violate?
12          A.    What do you mean?
13          Q.    I'm just piggybacking off of
14   what you said, which is that you said
15   you're here today because Chase violated
16   your rights.  What rights are you
17   specifically referring to?
18          A.    On my credit report, they
19   changed dates on my credit report to two
20   years before -- or after what it should
21   have been, so that was --
22          Q.    Okay.
23          A.    I mean, they changed the
24   dates.

 1          Q.    And Chase changed these
 2   dates?
 3          A.    I don't know.
```

---

[3]        Chase makes the same objection and reservation with respect to the deposition transcript of David Rivera, Chase's 30(b)(6) witness.

6      Q.    What are you looking for
7   Chase from this lawsuit?
8      A.    Damages.
9      Q.    And what are your damages?
10      A.    My damages would be that
11   there was incorrect information on my
12   credit report.
13      Q.    Are you able to monetize
14   those damages?
15          MR. ZEMEL:  Object to form.
16          THE WITNESS:  I don't know.
17   BY MS. PERKINS:
18      Q.    Are you able to tell me
19   today what figure represents your
20   damages, what monetary figure represents
21   your damages?
22      A.    No.  I personally can't tell
23   you that.
24      Q.    Can you tell me how you were

---

1   damaged?
2      A.    My rights were violated.
3   Dates were changed on my credit report
4   that were inaccurate.
5      Q.    And can you tell me if the
6   date of status as you allege being
7   inaccurate, did that lead to -- did that
8   lead to you being damaged?
9      A.    My rights were violated.
10      Q.    Did you have any other types
11   of damages?  Can you point to a number
12   and say Chase is responsible for X
13   because of this?
14      A.    No.

6       Q.   So apart from changes in the

7  credit reporting, what else is it that

8  you're looking from this lawsuit to

9  achieve?

10       A.   Well, I believe my rights

11  were violated when there was inaccurate

12  information reported, so I believe I'm

13  owed something.

14       Q.   And is that monetary?  When

15  you say you believe you're owed

16  something, do you mean something with a

17  dollar sign in front of it?

18       A.   Yeah.

19       Q.   Is there anything else that

20  you believe that you're entitled to as a

21  result of this lawsuit that doesn't have

22  to do with money, another aspect, any

23  other forms of relief that you're looking

24  for?

1       A.   No.

## XI.   OBJECTION TO THE ADMISSIBILITY OF ANY OPINION TESTIMONY FROM LAY WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 701

Chase objects to the admissibility of any opinion testimony from Plaintiff's husband, Ramsey Coulter, or any other lay witness regarding the topics outlined in Section X.

## XII.   DEPOSITION TESTIMONY (INCLUDING VIDEO DEPOSITION TESTIMONY) THAT THE PARTY INTENDS TO OFFER DURING ITS CASE-IN-CHIEF

### A.   Deposition Testimony of Chase's 30(b)(6) Representative David Rivera

At this juncture, Chase does not anticipate using any of Mr. Rivera's deposition testimony during its case-in-chief because it intends to call Mr. Rivera as a witness.  However, Chase reserves the right to use Mr. Rivera's deposition testimony during its case-in-chief, in the

event travel restrictions are still in effect at the time of trial because Mr. Rivera resides in Chicago and would have to take a plane to travel to Philadelphia.

Chase respectfully reserves the right to amend and/or supplement its pretrial memo at a later date.

Respectfully submitted,

Date:  April 3, 2020

*/s/ Jenny N. Perkins*
Beth Moskow-Schnoll, Esquire
moskowb@ballardspahr.com
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599
(215) 864-8238 (Telephone)
(215) 864-9511 (Fax)
*Attorneys for Defendant,*
*JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day, a true and correct copy of the foregoing Defendant's Pretrial Memo was served on the following via electronic service through the Electronic Case Filing System for the Eastern District of Pennsylvania

Daniel Zemel, Esquire
Nicholas J. Linker, Esquire
Zemel Law LLC
1373 Broad Street
Suite 203-C
Clifton, NJ 07013

*Counsel for Plaintiff*


Dated: April 3, 2020

*/s/  Jenny N. Perkins*
Jenny N. Perkins